UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH SHERMAN,

Plaintiff,

v. Case No. 3:23-cv-1090-WWB-MCR

SERGEANT S.A. WILLIS, et al.,

Defendants.

---

**ORDER**

Plaintiff, Kenneth Sherman, an inmate of the Florida Department of Corrections, initiated this action by filing a *pro se* complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1; Compl.). He is proceeding as a pauper. *See* Order (Doc. 4). Plaintiff names four Defendants for injuries he sustained at Columbia Correctional Institution on March 14, 2023: Sergeant Willis; Shift Officer-in-Charge Livi; Lieutenant Ashley; and Warden Polk. *See* Compl. at 2-3. He alleges Defendant Ashley sprayed him with chemical agents "for no reason," or in "retaliation"; Defendants Willis and Livi "lied" by saying he was resisting; Defendant Willis "tampered with camera footage"; and Defendant Polk "knew of several accidents and refuse[d] to protect [him]." *Id.* at 4-5. Plaintiff also asserts unnamed officers punched his head into the floor.

*Id.* at 5. In addition to seeking compensatory damages, Plaintiff says he wants all officers fired and video footage preserved. *Id.*

Upon review, the Court finds that Plaintiff must file an amended complaint if he desires to proceed with this case. The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). A court must hold a *pro se* plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a *pro*

*se* plaintiff or otherwise serve as his *de facto* counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

Plaintiff's complaint is deficient because his allegations are vague and underdeveloped such that Defendants would have a difficult time drafting a responsive pleading. For instance, Plaintiff claims Defendant Ashley sprayed him in retaliation, but he does not allege facts that, accepted as true, state a retaliation claim "plausible on its face." *See Iqbal*, 556 U.S. at 678. To state a plausible retaliation claim, a plaintiff must allege the following:

> (1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the … allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action … and the protected speech ….

*O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011). Plaintiff does not identify the form of constitutionally protected speech in which he engaged, nor does he allege facts showing a causal relationship between his speech and the "adverse action" against him. *See* Compl. at 4-5.

Additionally, Plaintiff's purported claim against Defendant Polk is similarly vague. He implies Defendant Polk should have known he was going to be assaulted and failed to protect him, but he alleges no facts permitting such an inference. To state an Eighth Amendment failure to protect claim, a

plaintiff must allege: "(1) a substantial risk of serious harm; (2) . . . deliberate indifference to that risk; and (3) a causal connection . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015). "Mere negligent failure to protect an inmate from attack does not justify liability." *Oliver v. Harden*, 587 F. App'x 618, 620 (11th Cir. 2014) (per curiam). Moreover, liability under § 1983 may not be based on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). In other words, a claim under § 1983 must be based on something more than "the mere fact that [a supervisor] employed [an] offending official." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985).

A supervisor also cannot be held liable under § 1983 simply for having received and responded to a prisoner's grievance. *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009))).

Finally, with respect to his claims against Defendants Willis and Livi, Plaintiff is advised that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a

right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. "Lying" and "tampering with camera footage" may be improper, but such actions are not constitutional violations.

If Plaintiff wants to proceed, he must file an amended complaint that complies with the standards discussed above, the instructions on the complaint form, and the instructions that follow.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for an alleged *constitutional* violation.

3. The amended complaint must state the full name and address (i.e., work location) of each defendant (to the extent known) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list in section I.B.

5. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in an alleged violation. The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

6. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured Plaintiff.

---

[1] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

7. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)). For instance, district courts generally will not interfere with matters of prison administration, including employee discipline.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise and must not refer back to his original complaint.

Accordingly, it is now

**ORDERED:**

1. The **Clerk** shall send Plaintiff a civil rights complaint form.

2. By **February 27, 2024**, Plaintiff must mail an amended complaint to the Court for filing. **Plaintiff's failure to comply with this order may result in the dismissal of this case.**

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of January 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c: Kenneth Sherman